Thank you, Your Honors. May it please the Court, Counsel. This is a case about excess. This is a simple FDCPA claim that was uncontested, that was in default. The request for fees in this case was over $100,000. In an uncontested case, one can only wonder what the fee request would be if there had been any proceedings that required this level of litigation. There were no answers filed, no affirmative defenses proposed. The request for admissions, which were duplicative of the admissions and the answer, were conceded. So this sort of puts us on the horns of a dilemma. If it takes the amount of time requested to litigate an uncontested case, then does that support a higher rate of attorney fees, hourly rate for experience and ability that are requested by respondents in this case? I mean, if you are experienced and knowledgeable enough to request rates at the partner level in St. Peter's Law Firms, should it take you 35 hours to respond to a simple motion to dismiss or 100 hours for a summary judgment on an uncontested petition? Should you litigate for two years after default just to get a resolution? The case is replete with excess. Sixteen hours and extensions of time that were granted just to prepare a simple attorney fee on contemporaneously recorded time entries? When Congress put reasonable in front of attorney fees in the FDCPA, as even Hensley would indicate, that must mean something. And what courts have found that it means is, would a paying client do this? There aren't two standards for attorney fees. One if I can get you to pay, and one if I have to charge my client myself. They're supposed to be the same. The purpose of the fee shifting is to allow people who otherwise might lack access to the courts the opportunity to present their claims. Here we're talking about essentially statutory damages under the FDCPA. I mean, they did those violations of the FDCPA. And certainly, the plaintiff deserves access. The question is, if this is what is required to litigate such a simple claim, and there isn't a case that I can find in the Eighth Circuit in the last 10 years where they awarded on a statutory damages claim even half the amount requested, then are those fees inherently reasonable, or was it an abuse of discretion by the district court? It's easy to get mired in all of the details of this entry, or that entry, or what have you. But we're talking here of 250 plus hours to litigate a defaulted statutory damages claim under the FDCPA. And that includes almost 30 hours just to say what the damages were. That includes 100 hours on summary judgment. That includes 17 hours spent on an unrelated bankruptcy matter. And that includes all of the discovery time and so forth spent after default in the initial petition. Now, I had indicated that they should have filed a notice to default. That was a mistake. But because there was a motion to dismiss file. And so that wasn't an available remedy. But a motion for judgment on the pleadings was an available remedy. And since they had already prevailed on the motion to dismiss, in fact, in almost an entire week of devoted attorney time to respond to a simple motion to dismiss, that was all that's required to support a motion for judgment on the pleadings because the court already said that the pleadings were sufficient. No answer was filed. They're in default. This is a claim about attorney fees. This is a claim where the underlying debtor took his claim and the debt into bankruptcy, shepherded the claim through the bankruptcy so that there's no debt and just the claim for damages. And with all due respect to Judge Limbaugh, and that respect is due, I think that what we have here is having lost the forest for the trees. The Fifth Circuit looked at a similar demand of $130,000 for a claim that was fully litigated and rejected all attorney fees because the amount was excessive. We're not asking for a zero attorney fee award. May I ask you, please, counsel, a question about the jurisdictional issue? May, Your Honor. What was the nature, I couldn't find in the record exactly what was the contents of the email that you sent or attempted to send to, I believe it was Mr. Reynolds, is that right, about the appeal? I couldn't find, I didn't see the content of it. There were two counsel in this. I understand, Your Honor. There were two counsel in this case. And they had separate counsel for Mr. Reynolds. The email was, I didn't receive a copy of it either, but in the materials preparing for this related to whether or not we had, they had authority to proceed on the appeal. Whether or not, oh, authority to appeal for them? Yes. Is that what you're saying, a final notice of appeal for them? That is correct, Your Honor. That was the, that was the miscommunication. And, you know, I will say that... Well, you could have filed your own notice in any event. What? You could have filed your own notice in any event, isn't that right? That is true. All the time, even without permission from Reynolds' counsel or, yeah. It is true. So that email didn't cause you to miss your own deadline, did it? It's not. Okay. And, I mean, the request at that time, Your Honor, it was a mistake that was made. There's no question about it. There were so many mistakes made in this litigation, I can't quite count them all. Well, counsel, that was discovered, as I recall, on January 5th. Correct. The email snafu. Correct. What was the cause for the delay in filing the notice of appeal until January 15th? I mean, you discover it after the holiday, and then there's 10 additional days before the notice of appeal is filed. What was the reason for that delay? Well, all I know from my perspective was, when I was informed of this, I was not, you know, there was some time where I wasn't present. I'm not sure for the entire 10 days, Judge, and I don't want to guess and be, you know, misleading. I know that when we learned of it, I immediately prepared a notice of appeal and prepared the request for leave to late file the notice of appeal. As for the additional time, as we sit here, Judge, I don't want to make something up. And I believe I've exceeded my time, so unless there's another question I'd like to save it for rebuttal. Thank you, Your Honor. Mr. Soule. Mr. Brewer. Yes. May it please the Court. Your Honors, I'd like to begin by addressing the late notice of appeal filed by appellants, which is the subject of appellee's direct appeal. The controlling case on this is Lowry v. I'm sorry, Counselor, could you speak just a little louder? I'm sorry. Yes, Your Honor, and I apologize. No, it's not your fault. I have difficulty hearing. Thank you. Thank you, Your Honor. The controlling case is Lowry v. McDonnell Douglas Corp., a decision by this Court from the year 2000. And in that case, this Court had occasion to lament the failure of the briefing to address the pioneer factors or even discuss the pioneer standard at all. In their motion to the District Court, appellants do not mention either case, pioneer or Lowry. And it's worth pointing out that after appellee discusses both cases in our initial brief, that appellant then ignores these important precedents again in their reply brief. Now, that's not dispositive. However, appellee respectfully submits to this Court that appellants could not and did not adequately justify the District Court's decision to grant leave for a late appeal without ever having discussed any of the four pioneer factors. And as we mentioned in the briefing, local rule 4.01 would also seem to require this. That's that rule that requires the suggestions and support. Ultimately, though, the failure to do so is what risks their failure to have the necessary support to you when the argument comes up on appeal. Moreover, Lowry states that the reason for missing the filing deadline is the key to the analysis. In their reply brief, appellants don't discuss their reason at all. The brief sheds no light on the original motion or otherwise attempts to explain or justify why the District Court granted leave. All we have is that original motion and the reasons therein are insufficient as a matter of law. The explanation given to the District Court was that the attorney for the Vogler defendant sent an email to the attorney for the other defendant, Mr. Reynolds, and then dropped the matter entirely until the deadline lapsed. Or at least that's all the record shows. That the email didn't get there is, as Your Honor pointed out, in a way really of no moment because it's hard to fathom an attorney who doesn't use any alternate means of communication or have any other backup plan in place to not miss this most critical of deadlines. As the deadline approaches, apparently there was just no sense of urgency at all, which unfortunately was consistent with the way that the litigation was conducted in this matter. We don't have the email in the record. That's why we can't find it in the record. It was never submitted to the District Court. But what I just heard a moment ago is especially worth pointing out. The declaration says that counsel sent a completed and final notice of appeal asking Reynolds to file it or Reynolds' counsel to file it. A moment ago, we just heard now he says he had to prepare one. This is part of the problem of having a declaration instead of an affidavit or some other kind of statement under oath that we can all rely on and refer to if, for example, as in this case, we have an issue on appeal, whether it was timely filed. Ultimately, though, it still doesn't make any sense to the appellees because if it was timely, then Vogler's counsel could have just done it and avoided the problem. And if Reynolds doesn't know the appeal is coming, hasn't agreed to it, hasn't had the authority, then why are you sending it to him and resting on him to be the one to file your notice of appeal? Even still, maybe a one-off, one-time mistake from an otherwise diligent counsel, maybe it's overlooked in this case, Your Honors. But unfortunately, that's not the situation here. We have a litany of missed deadlines, and I'm not going to go through them all again. But lest there was any doubt, there was more missed deadlines through this appellate briefing process, as Your Honors may or may not be aware. Ultimately, as this Court has commented, at some point, the excuses are so thin as to leave the lapse not only unexcused, but inexplicable. But even if I set all of that aside, the matter as to Reynolds in particular is even more problematic for them because as we pointed out in the briefing, they didn't get the email. So what's their excuse? Either they thought Vogler's attorneys would handle it, which apparently they didn't based on both their words now and the declaration, which says, oh, we prepped it and sent it to you to file. Or they thought they were supposed to handle it on behalf of their client, in which case they let the deadline lapse on their own. No explanation given. No declaration that addresses it. No record. No email. The record is totally silent. So in that sense, we have garden variety inattention, and that's not enough for excusable neglect. The abuse of finding of excusable neglect and the law that requires examination of the pioneer factors was ultimately ignored. And by the way, to hold otherwise, your honors is going to potentially open the floodgates to all manner of similar flimsy excuses. Draft that was forgot to file, the paralegal didn't get to it, an email that went to a spam filter. The deadline won't have the same meaning that it's supposed to have. An appellee would respectfully request that this court dismiss the entirety of the appeal. And that's both appellant's and appellee's challenge to the fees as a whole. And I would like to use the remaining time to- Could I just ask you about something about your last statement? Are you suggesting that we would not have jurisdiction over your cross appeal? Yes, your honor. I am saying that even if we did, you waive it. An interesting question, your honor, and I'm not entirely sure except to say that the result would be the same. Whether you would have jurisdiction, I'm not sure. In all honesty, your honor, however, our request is to, we would waive it even if you had jurisdiction. To dismiss your appeal? Yes, your honor. Okay. Yes, your honor. I think it's an interesting question whether we would have jurisdiction over it. But anyway, in any event, go ahead. Sorry to interrupt. Of course, your honor. Thank you very much. Turning only briefly then to the issue of the awards of the fees. This court's decisions have consistently deferred to the district court finding on fees, which makes sense given that the standard is abusive discretion. That's our standard of review. What is an abusive discretion? Failing to consider factors, giving significant or improper weight to a factor, making some clear error of judgment in weighing the factors. And as I stand here today, I still am not clear on what appellants are qualifying the fee award. I know they think it's too high. But they've never identified a specific number of hours that they dispute other than the 17.3, which the court did reduce us by and more. Nor did they ever give us a number of hours they believe accurately captures the reasonable fees in this case. That was a problem with the district court and it remains a problem throughout the briefing of this appeal. In fact, this court recently, just in August of this year, had occasion to issue a decision with a very similar set of facts, namely the Childress v. Fox Associates case, where the court concluded that Fox Associates had provided no evidence that the district court abused its discretion in failing to exclude more hours. Indeed, Fox had not even indicated how many hours it believes were excessive. Without more, we cannot say that the district court abused its discretion in failing to reduce its fee award further for inefficiency. And we uphold the district court's award of attorney's fees. That's ultimately what we're asking you to do here should this court direct its attention to the fee issue. I wanted to call out a couple of statements that we would take issue with. For example, from argument a moment ago, he called it uncontested and that they were in default. We take issue with both of those descriptors. First, whether it's uncontested, it's curious after a lengthy motion to dismiss. They then, we determined they were not in default. Default is when you have failed to answer or otherwise defend yourself. That's Rule 55. They did defend themselves. They defended themselves at length. And by the way, did so after we made the summary judgment motions. A small part of that time, yes, was preparing four separate motions for summary judgment. One is to each defendant, making sure that we had all of the facts in place correctly because we wanted to end this on the merits. And then they filed a Spokio standing challenge. Months later, they filed a standing challenge that we had to address. So it's no wonder that our reply briefing took up many, many hours. It's curious to now call it uncontested when the court calls it half in, half out. And having to respond to a motion to dismiss requires us to go through each and every one of the many violations that occurred here, which we did. Ultimately, they're trying to use 20-20 hindsight in order to change the result that they don't agree with. But none of that, first of all, the 20-20 hindsight is not the appropriate standard when you look at fees. It's whether a reasonable attorney would have taken those same steps at the time of the, when the time was being expended. Given the options available, they would have. Moreover, we know they disagree. But that simply doesn't rise to the level of an abuse of discretion. The court considered all of the evidence. And by the way, the only evidence in the record was from the appellee. We knew that we needed to have our affidavits, which laid out the amount of time that we, not just that we spent, but that we've been practicing. There was a misstatement, in fact, in the fee award saying I've been practicing for five years. I've been doing consumer protection almost exclusively since 2007. This has been my practice area. Ultimately, we respectfully request that this court reinstate the hourly fees requested by Brody and Cornwell, which comport with the only evidence in the record, all submitted by appellee, and go ahead and award the full number of hours that we requested. Thank you, Your Honors. To clarify on the email, Judge Arnold, the email at issue, I was misremembering the string of events. I want to clarify this. The email was an email that I had sent to co-counsel for Reynolds that was not delivered because we had a failure in our server systems or what have you. It was not to Mr. Reynolds. So, it was not about the authority issue. And so, to the extent that I misstated that, I do apologize and I wanted to make sure I was clear. We did have a joint defense arrangement. Mr. Reynolds could have filed independently of that had that not been my responsibility. And that's what we had argued to the district court, that that was excusable neglect. I'm sorry, it was what? We argued that that was the neglect in the issue to the district court. So, the excusable neglect is the server error. That's what you rely on, and so you didn't get it filed. And the 10 days it took from the time that you discovered the server error to the time it got filed, we're supposed to just say, what about that? Well, what we had done in the first, I found out that the email had not been sent. I did reach out to my opposing counsel. I don't remember the exact days on those dates. And they confirmed that nothing had been done. So, we prepared then the motion and the declaration. At that time, we tried to do it as expeditiously as possible. Honestly, as I stand here right now, Judge, I don't want to speculate as to, there was no part of me that didn't want to get this done as quickly as possible. So, what else was going on at that time, I'm sorry. But, I see that I'm out of time, and I appreciate it. Thank you, Your Honor. Court will take the matter under advisement. Clerk will call the next case.